# No. _____

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

IN RE BLAINE MILAM,

MOVANT.

# OPPOSED MOTION FOR STAY OF EXECUTION

***Mr. Milam is scheduled to be executed on September 25, 2025***

TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Movant, Blaine Milam, respectfully requests that this Court grant him a stay of execution.[1] 28 U.S.C. § 2251(a)(1) provides that "[a] justice or judge of the United States before whom a habeas corpus proceeding is pending, may . . . stay any proceeding against the person detained in any

---

[1] Fifth Circuit Rule 8.1.2 requires Milam to explain why this issue was not presented to the district court. Milam did not raise the instant issue in the district court because he is required to obtain authorization to proceed on a second or successive petition from this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Milam has included the documents required under this Court's Rule 8.1 as a separate attachment to this Motion.

1

State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."

Milam has concurrently filed a motion requesting authorization to proceed in district court on a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. §2244 ("MFA"). Milam incorporates by this express reference all facts and arguments presented in his MFA. Milam is innocent and intellectually disabled. First, it is now known that his conviction rests on unreliable and prejudicial forensic opinion testimony, in violation of the Fourteenth Amendment. Notably, at trial, the State relied on bitemark opinion testimony to tie Milam to injuries on the victim and described that opinion testimony as a "smoking gun." There is now a consensus that all bitemark opinion testimony is junk science. Relatedly, the State emphasized the supposed presence of Milam's DNA on those injuries as corroborating that bitemark opinion testimony. But, on August 12, 2025, the lab which conducted that DNA analysis retracted those and other results. The lab also cautioned that DNA evidence does "not provide information" about "how" or "when" DNA is transferred.

Second, Milam is intellectually disabled. His sentence therefore violates the Eighth Amendment. Indeed, according to every expert to have evaluated Milam in accordance with current clinical criteria—including the State's trial expert, Dr. Timothy Proctor—Milam met the criteria for intellectual disability at the time of trial. As well as categorically prohibiting his execution, this diagnosis further underscores the unreliability of Milam's vague statement to a jail nurse that he had done "it." *See Hall v. Florida*, 572 U.S. 701, 709 (intellectually impaired persons are "more likely to give false confessions"). Careful inquiry into these allegations is warranted, and the issues presented are weighty enough that this Court should grant a stay of execution pending its decision on Milam's motion. *See Barefoot v. Estelle,* 463 U.S. 880, 893-94 (1983) ("[A] circuit court, where necessary to prevent the case from becoming moot by the petitioner's execution, should grant a stay of execution pending disposition of an appeal when a condemned prisoner obtains a certificate of probable cause on his initial habeas appeal.").

Should this Court authorize Milam's claims to proceed in district court, he requests that this Court stay his execution pending the disposition of his petition by the district court. *See, e.g., In re Johnson,*

935 F.3d 284, 296 (5th Cir. 2019) (granting authorization to proceed in district court on successive federal habeas petition and staying execution).

To the extent this Court applies the four *Nken*[2] factors, *see In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014), Milam can establish that those factors are met:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Nken*, 556 U.S. at 434 (internal citations and quotations omitted).

First, for the reasons given in his motion for authorization, Milam has made a strong showing that he is likely to succeed on the merits of his claims. In his MFA, Milam makes a prima facie showing that, amongst other factors, his claims are potentially meritorious and that the facts establish by clear and convincing evidence that he is innocent. *See* 28 U.S.C. §§2244(b)(3)(C), 2244(b)(2)(B). Milam is also likely to succeed in district court on the merits of his claims that the State obtained his conviction in reliance on unreliable forensic opinion testimony in

---

[2] *Nken v. Holder*, 556 U.S. 418 (2009)

4

violation of due process. His due process claim relies in significant part on the fact that there is now a consensus that bitemark opinion testimony is junk science and on the State lab's retraction of its DNA testimony. His *Atkins* claim likewise relies on the State's trial expert revising his opinion to conclude that Milam met the current diagnostic criteria for intellectual disability at the time of trial.

Second, Milam will be irreparably injured if this Court does not enter a stay because he will be executed without an opportunity to litigate his potentially meritorious claims. *See Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) ("'[I]n a capital case, the possibility of irreparable injury weighs heavily in the movant's favor,' especially when his claim has some merit—a possibility we cannot yet dismiss." (quoting *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982)). As set out in his MFA and briefly herein, all bitemark opinion testimony is junk science as a matter of consensus and the State's lab no longer stands by its DNA testimony at trial or the State's speculative arguments about the weight of that DNA testimony. And the State's trial expert, Dr. Proctor, now agrees that Milam was intellectually disabled at the time of trial. Milam is therefore both innocent of the offense and of the death penalty.

Third, a stay would not substantially injure the State. Milam is scheduled to be executed on September 25, 2025, based on unreliable and prejudicial evidence and in the absence of any forensic evidence establishing his culpability. Moreover, as set out in his MFA, the State has known since March 2016 that the DNA testimony it relied on to obtain his conviction was unreliable. Yet, the State never informed Milam of this notice from the State's lab and continued to rely on that DNA evidence in successive state habeas proceedings to uphold Milam's conviction. Likewise, throughout those same proceedings, the State represented to this Court and the state courts that Dr. Proctor's opinion was that Milam was not intellectually disabled.

Finally, the public interest lies in Milam's favor. The public does not have an interest in carrying out the execution of an innocent and intellectually disabled person. The public interest lies in ensuring the avoidance of a gross miscarriage of justice.

For these reasons, Milam respectfully requests that this Court enter an order staying his execution.

Dated: September 17, 2025

Respectfully submitted,

/s/ Naomi Fenwick

    Jason D. Hawkins
    Federal Public Defender
    Jeremy Schepers
    Supervisor, Capital Habeas Unit
    Texas State Bar No. 24084578
    jeremy_schepers@fd.org
    Naomi Fenwick
    Assistant Federal Public Defender
    Texas State Bar No. 24107764
    naomi_fenwick@fd.org
    Office of the Federal Public Defender
    Northern District of Texas
    525 S. Griffin St., Ste. 629
    Dallas, TX 75202
    (214) 767-2746

    Emily Follansbee
    Texas State Bar No. 24124283
    efollansbee@texasdefender.org
    Jennae R Swiergula
    Texas State Bar No. 24104466
    jswiergula@texasdefender.org
    Texas Defender Service
    9390 Research Boulevard
    Kaleido II, Suite 210
    Austin, Texas 78759
    Ph: 512.320.8300

    *Counsel for Mr. Milam*

# CERTIFICATE OF COMPLIANCE

I certify that (1) this Motion was prepared in 14-point Century Schoolbook font using Microsoft Word software, (2) this Motion is 1,125 words, excluding the parts of the Motion exempted by the rules of court, and (3) this Motion has been scanned for viruses and the Motion is virus-free. Counsel further certifies that any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13.

/s/ Naomi Fenwick
Naomi Fenwick

# CERTIFICATE OF CONFERENCE

I certify that on September 16, 2025, I conferred by email with Tomee Heining, counsel of record for the Respondent. She informed me that the Respondent is opposed to the relief requested.

/s/ Naomi Fenwick
Naomi Fenwick

# CERTIFICATE OF SERVICE

I certify that on September 17, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system. I have also sent a copy via email to counsel for the Director, Tomee Heining, tomee.heining@oag.texas.gov.

/s/ Naomi Fenwick
Naomi Fenwick